UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN ANN ELLIS,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF CENTRAL CALIFORNIA WOMEN'S FACILITY,<br><br>　　　　　　Respondent. | Case No. 1:19-cv-200-LJO-JDP<br><br>ORDER GRANTING IN PART PETITIONER'S MOTION FOR LEAVE TO FILE SURREPLY<br><br>ECF No. 18 |

Petitioner Kathyrn Ann Ellis, a state prisoner represented by counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Respondent filed a motion to dismiss, ECF No. 11, petitioner filed an opposition to the motion to dismiss, ECF No. 13, and respondent filed a reply, ECF No. 17. On September 4, 2019, petitioner filed a "request to file a rejoinder" to respondent's reply brief.[1] ECF No. 18. Respondent did not object to petitioner's request. The court construes petitioner's request as a motion for leave to file a surreply.

Neither the Local Rules of this court nor the Federal Rules of Civil Procedure provide the right to file a surreply. Local Rule 230 provides for a motion, an opposition, and a reply. The court "generally views motions for leave to file a surreply with disfavor." *Garcia v. Biter*, 195 F.

---

[1] Petitioner is directed to label any future request as a "motion." If petitioner has any questions regarding proper filing procedures, she may contact the clerk's office.

1

Supp. 3d 1131, 1134 (E.D. Cal. 2016). A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, No. CV-F-05-869 REC/TAG, 2004 U.S. Dist. WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005).

Here, petitioner first asks to respond to respondent's "characterization of *Jackson v. Superior Court*, 189 Cal.App.4th 1051 (2010) as germane to Petitioner's judicial estoppel argument." ECF No. 18 at 1. The *Jackson* case was first raised and relied upon in petitioner's opposition to the motion to dismiss, ECF No. 13 at 14, and respondent distinguished *Jackson* from the instant case in her reply, ECF No. 17 at 3. Because *Jackson* was first raised by petitioner, not respondent, the court denies petitioner's request for additional briefing on the case. Second, petitioner moves to respond to respondent's description of "the Superior Court's delay in serving the August 24, 2015 order as relevant to Petitioner's equitable tolling argument." ECF No. 18 at 1. Petitioner argued that she should be afforded equitable tolling for the superior court's delayed service of the August 24, 2015 order in her opposition brief. ECF No. 13 at 18. Respondent argued in response that petitioner should not be afforded equitable tolling because the circumstance was not extraordinary and petitioner did not act with diligence. ECF No. 17 at 7. Additional briefing from petitioner will likely clarify the circumstances of the superior court's delay in service. Therefore, we will grant petitioner leave to file a surreply that addresses the superior court's delay in service.

**Order**

Petitioner's motion, ECF No. 18, is granted in part. Petitioner may file a surreply within seven days of the date of service of this order.

IT IS SO ORDERED.

Dated: February 3, 2020

UNITED STATES MAGISTRATE JUDGE

2