UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN ANN ELLIS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF CENTRAL CALIFORNIA WOMEN'S FACILITY,<br><br>　　　　　Respondent. | Case No.　1:19-cv-200-NONE-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY MOTION TO DISMISS<br><br>(Doc. No. 24) |

　　　　Petitioner Kathryn Ann Ellis, a state prisoner, brought this petition for writ of habeas corpus under 28 U.S.C. § 2254 through counsel on February 12, 2019.  (Doc. No. 1.)  Petitioner was sentenced to life without the possibility of parole in the Fresno County Superior Court on September 25, 2013, after she was convicted of first-degree murder of her husband.  (*Id.* at ¶ 1.) Petitioner now seeks to overturn her state court conviction on the ground that she was not afforded effective assistance of counsel.  (Doc. No. 6 at 1.)  On July 19, 2019, respondent moved to dismiss the habeas petition as untimely under 28 U.S.C. § 2244(d).  (Doc. No. 11 at 3.) Petitioner opposed that motion on August 7, 2019, and respondent filed a reply and sur-reply on September 9, 2019 and February 11, 2020, respectively.  (Doc. Nos. 13, 17, 23.)

/////

1

This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On March 13, 2020, the assigned magistrate judge issued findings and recommendations, recommending that respondent's motion to dismiss be denied. (Doc. No. 24.) "Under AEDPA, state prisoners have a one-year statutory period to file a federal application for writ of habeas corpus." *Grant v. Swarthout*, 862 F.3d 914, 917–18 (9th Cir. 2017) (citing § 2244(d)(1)). Here, the pending findings and recommendations expressed frustration with respondent's failure to at all address the legal standard to be applied in analyzing the motion to dismiss. (Doc. No. 24 at 2–3.) The undersigned interprets this frustration as stemming, at least in part, from the fact that both respondent and petitioner appeared to have relied upon evidence outside of the petition and its attachments in presenting their arguments as to why statutory or equitable tolling of the statute of limitations was or was not appropriate in this case. Given this lack of briefing or focus by either party, the magistrate judge indicated the court would "assume that the motion should be analyzed under habeas Rule 4" of the Rules Governing § 2254 Cases[1] Applying Rule 4, the magistrate judge reasoned that it was not "plainly apparent" that the one-year statute of limitations had expired prior to the filing of the pending petition because statutory and equitable tolling may be applicable in this case. (*Id.* at 5-12.)

On March 26, 2020, respondent filed objections to the pending findings and recommendations, contending that the magistrate judge applied an incorrect legal standard and reached the wrong the conclusion. (Doc. No. 25 at 1-2.) Petitioner then filed a response thereto on April 2, 2020. (Doc. No. 27.) Pursuant to 28 U.S.C. § 636 (b)(1)(C), the court has conducted a *de novo* review of the case, including the objections and the response thereto. For the reasons set forth below, the recommendation that respondent's motion to dismiss be denied will be adopted.

The undersigned interprets the pending findings and recommendations simply as recommending denial of the motion to dismiss without prejudice. Interpreted as such, that

---

[1] Habeas Rule 4 states in pertinent part: "If it *plainly appears* from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." § 2254, Rule 4 (emphasis added).

recommendation will be adopted. The findings and recommendations reasonably concluded, based on the record before the magistrate judge, that respondent had failed to adequately present and brief its motion to dismiss. Among other things, the record suggested that attorney error was a possible ground for equitable tolling, but the issue was insufficiently explored. (*See* Doc. No. 24 at 8–10.) Respondent is free to file another, properly supported motion addressing the applicable legal standards and proposing how any factual disputes with respect to the applicability of equitable tolling should be resolved by the court, particularly in light of the nature of the possible grounds for equitable tolling that appear plausible in this case. Petitioner should feel compelled to respond to any such future motion in kind. In short, it is not the court's job to do the work of the lawyers for both parties.

Accordingly:

1. The recommendation set forth in the findings and recommendations issued on March 13, 2020 (Doc. No. 24) is adopted, however in lieu of an answer, respondent may file an appropriately supported motion consistent with the instructions provided above; and

2. Respondent's motion to dismiss (Doc. No. 11) is denied without prejudice.

IT IS SO ORDERED.

Dated:   **June 2, 2020**

UNITED STATES DISTRICT JUDGE