UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN ANN ELLIS,<br><br>                    Petitioner,<br><br>    v.<br><br>WARDEN OF CENTRAL CALIFORNIA WOMEN'S FACILITY,<br><br>                    Respondent. | Case No.   1:19-cv-200-NONE-JDP (HC)<br><br>ORDER DENYING RESPONDENT'S MOTION TO WITHDRAW MOTION TO DISMISS WITHOUT PREJUDICE TO FILING A NEW MOTION TO DISMISS<br><br>ECF No. 34<br><br>ORDER DENYING PETITIONER'S MOTION FOR LEAVE TO FILE A SURREPLY<br><br>ECF No. 33<br><br>ORDER DIRECTING RESPONDENT TO RESPOND TO THE MERITS OF THE PETITION |

Petitioner Kathyrn Ann Ellis, a state prisoner represented by counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The procedural history of this case is extensive.[1] Before us now are respondent's second motion to dismiss, ECF No. 30, petitioner's

---

[1] Respondent moved to dismiss the petition, ECF No. 11, and we issued findings and recommendations to deny respondent's motion to dismiss with leave to file a renewed (second) motion to dismiss, ECF No. 24. The findings and recommendations were adopted by the district judge assigned to this case. ECF No. 28. Respondent filed his second motion to dismiss, ECF No. 30, petitioner opposed the motion, ECF No. 31, respondent replied, ECF No. 32, and petitioner moved for leave to file a surreply, ECF No. 33. Respondent moved to withdraw his second motion to dismiss without prejudice to filing a third motion to dismiss and opposed petitioner's motion for leave to file a surreply, ECF No. 34. Petitioner opposed respondent's

1

motion for leave to file a surreply,[2] ECF No. 33, and respondent's motion to withdraw his second motion to dismiss without prejudice to filing a third motion to dismiss, ECF No. 34. For the reasons stated below, we will deny respondent's motion to withdraw his second motion to dismiss, order respondent to file an answer addressing the merits of the petition that may include briefing on how to calculate statutory tolling in this case under *Robinson v. Lewis*, No. S228134 (Cal. July 20, 2020), and deny petitioner's motion for leave to file a surreply.

**Discussion**

Respondent moved to withdraw his second motion to dismiss without prejudice to refiling a third motion to dismiss in light of *Robinson v. Lewis*, No. S228134 (Cal. July 20, 2020), a California Supreme Court decision announced after respondent filed his second motion to dismiss. ECF Nos. 30, 34. Out of concerns for efficiency and equity, we will not grant respondent a third opportunity to move to dismiss the petition.

However, because it appears that *Robinson* is relevant to the issue of statutory tolling at hand here, we invite the parties to address *Robinson*'s effect on petitioner's statutory tolling arguments when they brief the merits of this case. In doing so, the parties should provide the court with an updated calculation of the total amount of statutory tolling that they maintain is due to petitioner.

Despite the extensive briefing on the statute of limitations in this case, the issue of timeliness remains unresolved, and additional briefing would not guarantee that the matter would be easily settled. Another avenue is available to us: In appropriate circumstances, a district court may direct the parties to brief the merits of the case. *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) ("Procedural bar issues are not infrequently more complex than the merits issues . . . so it may well make sense in some instances to proceed to the merits if the result will be the same."); *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1083 (9th Cir. 2001) ("For the purposes

---

motion to withdraw the second motion to dismiss without prejudice to filing a third motion to dismiss. ECF No. 35.

[2] Petitioner fashioned this filing as a "request." Petitioner is again reminded to label any future requests as a "motion." *See* ECF No. 20 at 1. If petitioner has any questions regarding proper filing procedures, she may contact the clerk's office.

of this case we do not need to reach the complex questions lurking in the time bar of the AEDPA."); *McCoy v. Soto*, No. 15-cv-1578, 2017 WL 2644837, at *3 (E.D. Cal. June 20, 2017) ("In the instant case, it appears that judicial economy will be better served by adjudicating Petitioner's claims on the merits."). Therefore, in the interests of judicial economy, we will order respondent to address to the merits of the petition. Petitioner, in her response, may address both respondent's merits and procedural arguments.

In light of the foregoing, we will deny petitioner's motion for leave to file a surreply to respondent's second motion to dismiss. ECF No. 33. Neither the Local Rules of this court nor the Federal Rules of Civil Procedure provide the right to file a surreply. Local Rule 230 provides for a motion, an opposition, and a reply. The court "generally views motions for leave to file a surreply with disfavor." *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016). A district court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, No. CV-F-05-869 REC/TAG, 2004 U.S. Dist. WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005). Here, petitioner sought leave to brief two recent cases: *Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020) and *Robinson*. We decline to grant respondent leave to brief *Smith* because respondent relied on *Smith* in his motion to dismiss. *See* ECF No. 30 at 11, 14, 15. Petitioner had, but did not take, the opportunity to respond to respondent's *Smith* arguments in her opposition. *See generally* ECF No. 31. Moreover, petitioner will have an opportunity to respond to respondent's *Robinson* arguments in her forthcoming briefing.

**Order**

1. Respondent's motion for leave to withdraw the second motion to dismiss without prejudice to filing a third motion to dismiss is denied. ECF No. 34.
2. Petitioner's motion for leave to file a surreply is denied. ECF No. 33.
3. Within sixty days of the date of service of this order, respondent must file an answer addressing the merits of the petition. In the answer, respondent may raise

1            arguments addressing how to calculate the statute of limitations in light of
2            *Robinson*.
3        4.  Respondent must file all transcripts and other documents necessary for resolving
4            the issues presented in the petition within sixty days of the date of service of this
5            order. *See* R. Governing § 2254 Cases 5(c).
6        5.  Petitioner may file a response within thirty days of the date of service of
7            respondent's filing and address how to calculate the statute of limitations in light
8            of *Robinson* therein.

IT IS SO ORDERED.

Dated:    August 24, 2020                              _____
                                                       UNITED STATES MAGISTRATE JUDGE

No. 206.