UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN ANN ELLIS,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN OF CENTRAL CALIFORNIA WOMEN'S FACILITY,<br><br>    Defendant. | Case No. 1:19-cv-200-NONE-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION AS UNTIMELY[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 30) |

    Petitioner Kathryn Ann Ellis ("Petitioner" or "Ellis"), through counsel, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 12, 2019. (Doc. No. 1). In response, Respondent filed a renewed motion to dismiss the petition as untimely and an answer to the petition[2] incorporating a renewed motion to dismiss the petition as untimely.[3] (Doc. Nos. 30, 37). Petitioner addresses the petition's timeliness in both her opposition to the Respondent's motion to dismiss and in her reply to Respondent's answer. (Doc. Nos. 31, 40). For the reasons stated below, the undersigned recommends the District Court grant

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

[2] The Court ordered Respondent to file an answer to include briefing on the calculation of the statutory of limitations under *Robinson v. Lewis*, No. S228136 (Cal. July 20, 2020).

[3] As set forth *infra*, Respondent initially moved for dismissal of the petition as time barred and incorporates a renewed motion to dismiss in its answer.

Respondent's motion to dismiss and dismiss the petition with prejudice as time barred.

## I. BACKGROUND

Significant is the fact that Ellis was represented by counsel throughout her direct and collateral state appeal processes and remains represented by counsel on her federal habeas petition. Ellis is serving a life sentence without the possibility of parole for her 2013 conviction, after a jury trial, of first-degree murder of her husband. *See* Fresno County Superior Court in Case No. F12907460. (Doc. No. 12-1). Petitioner filed a direct appeal but then voluntarily moved to dismiss the appeal. (Doc. No. 12-2). The Court of Appeals entered a dismissal of the appeal on September 4, 2015. Ellis sought no further direct review. (*Id.*). The instant petition raises five grounds of constitutionally ineffective assistance of trial counsel. (*See generally* Doc. No. 1).

The procedural history of this case is extensive. As stated previously, Ellis filed her petition on February 12, 2019. (Doc. No. 1). On July 19, 2019, Respondent moved to dismiss the petition as untimely. (Doc. No. 11). Ellis filed an opposition on August 7, 2019 (Doc. No. 13) and Respondent filed a reply on September 4, 2019 (Doc. No. 17). Also, on September 4, 2019, Ellis submitted a construed motion to file a surreply to Respondent's reply. (Doc. No. 18). The Court partially granted Ellis' motion on February 4, 2020 (Doc. No. 20) and Ellis filed a surreply on February 10, 2020 (Doc. No. 23). On March 13, 2020, the then-assigned magistrate judge issued findings and recommendations, recommending that Respondent's motion to dismiss be denied without prejudice, finding that dismissal under Rule 4 of the Rules Governing Section 2254 cases was not appropriate at that time because the briefing at that point left essential issues unaddressed. (Doc. No. 24 at 11-12). Respondent filed objections to the findings and recommendations (Doc. No. 25) and Ellis filed a response to Respondent's objections (Doc. No. 27). On June 2, 2020, the findings and recommendations were adopted. (Doc. No. 28). In the findings and recommendations, Respondent was given leave to file a renewed motion to dismiss on the issue of timeliness and Ellis was given leave to respond to any renewed motion to dismiss. (*Id.*). On July 7, 2020, Respondent filed a renewed motion to dismiss the petition as untimely. (Doc. No. 30). Ellis filed an opposition (Doc. No. 31) and Respondents filed a reply (Doc. No.

32).  On August 10, 2020, Respondent sought to withdraw its motion to dismiss and refile a third motion to dismiss considering a new California Supreme Court case (*Robinson v. Lewis*, No. S228134 (Cal. July 20, 2020)).  (Doc. No. 34).  Respondent's motion was denied, and the then-assigned magistrate judge ordered Respondent to respond to the merits of the petition, giving leave to the Respondent to brief *Robinson* in its answer.  (Doc. No. 36).  Respondent filed its answer and incorporated a renewed motion to dismiss the petition as untimely.  (Doc. No. 37).  On November 18, 2020, Ellis filed a reply to Respondent's answer.  (Doc. No. 40).

Accordingly, the undersigned will consider both parties' briefing from Respondent's motion to dismiss (Doc. Nos. 30, 31, 32) and the relevant briefing related to untimeliness incorporated into the answer (Doc. No. 37 at 22-33, Doc. No. 40 at 33-43).

Respondent reasserts that the petition is time barred and is subject to summary dismissal because it was filed 22 days after the federal statute of limitations expired and Petitioner cannot demonstrate an entitlement to equitable tolling.  (Doc. Nos. 30, 32, 37).  In response, Petitioner claims that both statutory tolling and equitable tolling render her petition timely.  (Doc. Nos. 31, 40).  The undersigned agrees with Respondent that the petition is untimely, and thus declines to address the merits of Petitioner's claims in these Findings and Recommendation.

## II. APPLICABLE LAW AND ANALYSIS

### A. Standard of Review

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases 4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent."  In *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989), the Ninth Circuit held that a motion to dismiss based on procedural default is proper in habeas proceedings.  Since that time, the Ninth Circuit has affirmed cases where habeas petitions were dismissed on a respondent's motion to dismiss for untimeliness.  *Orthel v. Yates*, 795 F.3d 935, 938 (9th Cir. 2015) (affirming district court's grant of respondent's motion to dismiss petition as untimely because petitioner "did not establish an exceptional circumstance that would warrant equitable tolling"); *Stancle v. Clay*, 692

F.3d 948, 951 (9th Cir. 2012) (same); *Velasquez v. Kirkland*, 639 F.3d 964, 966 (9th Cir. 2011). In doing so, the Ninth Circuit has explicitly relied on information supplied outside the pleadings and its attachments. *Orthel*, 795 F.3d at 940. Because the statute of limitations is a procedural bar, the Court may consider the documents submitted by Petitioner and Respondent for purposes of determining the issues of timeliness and whether Petitioner is entitled to equitable tolling. *Id*.

### B. AEDPA's Statute of Limitations

Title 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, sets a one-year period of limitations to the filing of a habeas petition by a person in state custody. This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Ellis does not allege, nor does it appear from the pleadings or the record, that the statutory triggers in subsections (B)-(D) apply. Thus, the limitations period began to run on the date Ellis' conviction became final. 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009).

### 1. No Tolling for First State Habeas Petition

Ellis was sentenced on September 25, 2013. (Doc. No. 12-1 at 2). Ellis filed a direct appeal but voluntarily dismissed the appeal, which the court of appeal granted on September 4, 2015. (Doc. No. 12-2). Due to her voluntary withdraw if her direct appeal, Ellis is not entitled to the ten-day period for filing a petition for review under California Rules of Court, rule 8.5000. Thus, Ellis' conviction became final on the same day, Friday, September 4, 2015. *See White v.*

*Klitzkie*, 281 F.3d 920, 923 (9th Cir. 2002) (conviction became final when petitioner dismissed his direct appeal); *Morris v. Beard*, No. ED CV 13-1493 JVS (JCG), 2014 U.S. Dist. LEXIS 2730, at *2 (C.D. Cal. Jan. 9, 2014) (judgment became final on the day the court of appeal granted petitioner's abandonment of appeal). Therefore, AEDPA's statute of limitations commenced on the next weekday, Monday, September 7, 2015, and expired one-year later, on September 7, 2016.[4] *See Patterson v. Stewart*, 251 F.3d 1243, 1246-47 (9th Cir. 2001) (adopting anniversary method to calculate one-year statutory period).

The federal statute of limitations tolls for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Represented by counsel, Ellis filed a state superior court habeas petition on July 17, 2015. (Doc. No. 12-3). This petition was denied on August 24, 2015. (Doc. No. 12-5). Ellis seeks statutory tolling based on the pendency of this first state habeas petition, stating that it was part of one continuous round of collateral review. (Doc. No. 31 at 7). However, Ellis' first state petition was not pending at the relevant time; it was denied before the federal statute of limitations started to run. Petitions filed and denied before the statute of limitations begins to run result in no tolling. *See Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008) ("[Although filing a state habeas petition] would otherwise have tolled the running of the federal limitations period, since it was denied before that period had started to run, it had no effect on the timeliness of the ultimate federal filing.").

The superior court denied Ellis' first petition for failure to state a claim on August 24, 2015, approximately two weeks <u>before</u> the statute of limitations commenced on September 7, 2015. To the extent Ellis argues that her subsequent collateral filings related to her first state superior court habeas petition tolls the limitation period, her argument fails. After the denial of her first state habeas petition, Petitioner filed a motion for reconsideration in the state superior court on November 30, 2015. The superior court denied the motion, stating the motion was "improper" and instructing Petitioner's "sole and proper remedy" was to file a new petition

---

[4] The Court notes that the statute of limitations began running on Monday, September 7, 2015 rather than Saturday, September 5, 2015 under Federal Rule of Civil Procedure 6(a)(1)(C).

before the court of appeal.  (Doc. No. 12-6 at 1); *see Jackson v. Superior Court*, 189 Cal. App. 4th 1051, 1064 (2010) (explaining that an order denying a writ of habeas corpus is not appealable in superior court; petitioner must file a new petition in the court of appeal).  Instead of filing a new petition as instructed, Ellis filed a motion for clarification with the superior court on December 29, 2015.  The superior court denied the motion, stating that the "Court's order denying Petitioner's petition for writ of habeas corpus became final on August 24, 2015" and that Petitioner's remedy was to "file a new petition for a writ of habeas corpus in the Fifth District Court of Appeals."  (Doc. No. 12-7 at 1).  In California, "after the judgment has become final, there is nothing pending to which a [post-judgment] motion may attach." *People v. Picklesimer*, 226 P.3d 348, 353 (Cal. 2010).  Consequently, neither of these collateral and improper filings serve to toll the statute of limitations. *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000).  Accordingly, Ellis reaps no statutory tolling for the pendency of her first state superior court habeas petition.

### 2. Tolling for Second and Third State Habeas Petition

Ellis filed her second state habeas petition in the state superior court on Friday, August 5, 2016.  (Doc. No. 12-8).  Because her first state habeas petition had no statutory tolling effect, *supra*, at the time Ellis lodged this second petition 333 days[5] of the AEDPA limitations period elapsed.  Ellis' second state habeas petition was denied on September 7, 2016.  (Doc. No. 12-9).  Petitioner sought review before the state supreme court on December 5, 2016.  (Doc. No. 12-11).  The state supreme court denied relief on December 12, 2018.  (Doc. No. 12-12).  Respondent concedes that the second superior court petition and the state supreme court petition tolled the statute of limitations from August 5, 2016 (the date the second state habeas petition was filed) until December 12, 2018 (the date the state supreme court denied the petition).  (Doc. No. 37 at 22).

### 3. AEDPA Period Expires Before Federal Petition Filed

The federal limitations period commenced running again on December 13, 2018, after the denial of the state supreme court petition.  This left Ellis with 32 days on the AEDPA clock, or

---

[5] The period between September 7, 2015 (the date the federal limitations commenced) and August 5, 2016 (the date Ellis filed her second state habeas petition).

until Monday, January 14, 2019,[6] to file a timely federal petition. Thus, Petitioner's federal habeas petition filed on February 12, 2019 was filed 29 days late. Therefore, the petition must be dismissed as time barred unless Ellis can demonstrate that she is entitled to equitable tolling.

### C. Equitable Tolling

#### 1. Applicable Law

AEDPA's statutory limitations period may be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is available if a petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649. To show "extraordinary circumstances," a petitioner must show that "the circumstances that caused his delay are both extraordinary and beyond his control"—a high threshold. *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 756 (2016). "The requirement that extraordinary circumstances 'stood in [a petitioner's] way' suggests that an external force must cause the untimeliness." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (emphasis added). Furthermore, a petitioner must show that the extraordinary circumstances caused the untimely filing of her habeas petition. *See Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (*citing Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (explaining that equitable tolling is available only when the extraordinary circumstances were the cause of the petitioner's untimeliness); *Smith v. Davis*, 953 F.3d 582, 595 (9th Cir. 2020) ("Whether an impediment caused by extraordinary circumstances prevented timely filing is a 'causation question.'").

To demonstrate that she has been pursuing her rights diligently, a petitioner must show that she has "been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Davis*, 953 F.3d 5 at 598-99. In other words, "when [a petitioner] is free from the extraordinary circumstance, he must also be diligent in actively

---

[6] The Court notes that the statute of limitations expired on Monday, January 14, 2019 under Federal Rule of Civil Procedure 6(a)(1)(C), which is the next weekday after the 32 days left in the statute of limitations ran.

7

pursuing his rights." Id. at 599. The diligence required for equitable tolling does not have to be maximum feasible diligence, but rather reasonable diligence. *Holland*, 560 U.S. at 653. However, "in every instance reasonable diligence seemingly requires the petitioner to work on his petition with some regularity—as permitted by his circumstances—until he files it in the district court." *Davis*, 953 F.3d at 601.

Because a petitioner must show diligence before, during, and after extraordinary circumstances prevented her from filing, the relevant period for the Court's analysis is September 15, 2015 to February 12, 2019, the date Ellis' conviction was final until the date Ellis filed her federal petition. *See Davis*, 953 F.3d at 598-99. Admittedly, "the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 2929 F. 3d 1062, 1066 (9th Cir. 2002) (citations omitted).

### 2. Ellis Fails to Demonstrate Entitlement to Equitable Tolling

Ellis advances four reasons why she should be afforded equitable tolling: (1) late notice of the state court's denial of her first habeas petition; (2) pursuit of discovery; (3) Counsel's illness and personal problems; and (4) Counsel's unfamiliarity with technology and court procedures.

Each of these factors involve actions by Ellis' Counsel and do not, on their face, suggest circumstances beyond Ellis' control. But rather acts attributable to Ellis. This is because an attorney is "the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (quotation omitted). Habeas petitioners do not have a Sixth Amendment right to counsel during collateral proceedings and therefore counsel's actions during collateral proceedings generally will not constitute grounds for equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007). Thus, only where an attorney's errors amount to an extraordinary circumstance will a petitioner be entitled to equitable tolling. *Holland*, 560 U.S. at 648. As a practical matter, the court is instructed it should not concern itself with where counsel's actions fall on the negligence meter—whether ordinary negligence or gross negligence. *Id*. at 655 (Justice Alito, Concurrence in Part). Thus, extraordinary circumstances to warrant equitable tolling have been found when counsel abandons a client, *Maples v. Thomas*, 132 S. Ct. 912, n.7 (2012), or where

counsel has been dishonest. *Holland*, 560 U.S. at 649.

### a. Late Notice of State Court's Denial

Ellis seeks 58 days of equitable tolling for the period from September 15, 2015, when the statute of limitations began to run, until November 12, 2015, when Ellis states she received a copy of the superior court's August 24, 2015 order denying her first superior court habeas petition. (Doc. No. 31 at 20-21; Doc. No. 40 at 39). Ellis' Counsel claims she was not aware of the state court's denial of her first habeas petition until she received the conformed copy in the mail on November 12, 2012. Ellis' Counsel maintains that during this time, her "unfamiliar[ity] with state court procedure, together with her infirmities and preoccupation with her infirmities" prevented her from checking the status of petitioner's first state habeas case, either electronically or through calling the clerk's office. (Doc. No. 31 at 20-21).

Respondent points out that the Clerk's Certificate of Mailings dated August 26, 2015 and November 12, 2015 both reflect the same address for Counsel. (Doc. No. 17-1 at 3 and Doc. 12-5 at 13). Respondent argues even assuming the later delivery of the notice, Petitioner's Counsel received a copy of the order a mere 58 days after the federal limitation period commenced.

Ellis fails to show how this late receipt of the state court's order entitles her to equitable tolling. Significantly, the Court finds *supra* that the first state superior court habeas petition had no effect on tolling whatsoever because this petition was filed <u>before</u> the statute of limitations commenced. Moreover, late receipt of a court order is not an extraordinary circumstance. "It is counsel's duty to monitor the court's docket to stay informed of the court's orders and filing deadlines." *Willis v. JP Morgan Chase Bank*, No. 2:17-00366-WBS-AC, 2017 U.S. Dist. LEXIS 195422, at *3-4 (E.D. Cal. Nov. 27, 2017). Ellis' Counsel could have telephoned the clerk to inquire about the status of the petition if she was not familiar with the court's electronic docketing system. And even if the Court were to find "extraordinary circumstances," which the Court does not, Ellis fails to show diligence since she permitted months to pass without checking the court's docket. *See Ramirez v. Yates*, 571 F.3d 993, 997-98 (9th Cir. 2009) (quoting *Woodward v. Williams*, 263 F.3d 1135, 1143 (10th Cir. 2001)) ("[A petitioner's] lack of knowledge that the state courts have reached a final resolution of [her] case can provide grounds for equitable tolling

if the [petitioner] has acted diligently in the matter."). Additionally, after learning of the denial of Ellis' state petition, instead of doing as instructed by the superior court and proceeding to the court of appeal, Counsel elected instead to seek reconsideration and clarification from the superior court. (*See* Doc. No. 12-7 at 1). Thus, even if Counsel had received notice 58 days earlier, there is no reason to suggest Counsel's action would have been any different, *i.e.*, that she would not have filed the improper motions for reconsideration and clarification. In other words, this 58-day delay had no bearing on Ellis permitting over nine months to elapse before she properly filed a second petition in superior court. (*Id.*). There is no evidence in the record that Ellis inquired of counsel as to the status of her case, let alone that she urged counsel to check on the status of her case.

Finally, Ellis does not show a nexus between Counsel's late notice of the superior court denial caused the untimely filing of her federal habeas petition more than four years later. *See Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (*citing Spitsyn*, 345 F.3d at 799) (explaining that equitable tolling is available only when the extraordinary circumstances were the cause of the petitioner's untimeliness). Here, by Ellis' own admission, she received the superior court order denying her first state petition after 58 days had elapsed on the federal limitations clock— meaning Ellis had ten months remaining in which to file a properly-filed state motion or file her federal petition. Based on controlling precent and the facts in the record, Ellis is not entitled to equitable tolling for her Counsel's failure to check the docket and the date she received the superior court's denial of her first habeas petition.

**b. Time Spent Conducting Discovery in State Court**

Ellis seeks 60 days of equitable tolling for her discovery efforts to support the filing of her second state habeas petition. (Doc. No. 31 at 21-23; Doc. No. 40 at 40-42). Counsel claims Petitioner was reluctant to share personal details about her past requiring "a great deal of coaxing and reassurance from counsel" to support Petitioner's newly asserted defense that Petitioner's husband committed suicide. Notably, at trial, Petitioner testified that her husband was shot by an intruder. Petitioner's reluctance to assist her own Counsel in her new defense does not warrant extraordinary circumstances.

Petitioner also claims she needed to locate experts and obtain forensic evidence from the prosecution. A state habeas petitioner in California can, under certain circumstances, obtain a court order authorizing discovery, and Ellis did obtain one here. (Doc. No. 12-8 at 4). However, preparing a habeas petition is not meant "to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (quoting *Calderon v. U.S.D.C. (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996)). To the extent Ellis argues that she had a *federal* right to discovery before she filed her federal petition, her argument fails. *See Calderon v. United States Dist. Court*, 120 F.3d 927, 928 (9th Cir. 1997) ("Until [a petitioner] has filed a federal habeas petition on an exhausted claim, [s]he cannot avail [herself] of . . . discovery.").

Here, Ellis seeks equitable tolling for 60 days of the roughly seven months her counsel spent gathering supporting documentation from Petitioner and third parties. Ellis fails to explain how she calculated "60 days" from the more than seven months she engaged in discovery as the appropriate time for which equitable tolling should granted. Nor does Ellis show how gathering this information was an "extraordinary circumstance." The information counsel sought was not necessary for filing of her first habeas petition. Counsel could have conducted discovery after filing her habeas petition, during which time the statute of limitations would be tolled. Further, Petitioner has failed to show that she acted with diligence. And again, Ellis herself presents no evidence that she inquired of counsel as to her federal deadline or urged her counsel to file timely despite her pursuit of discovery. Even if the Court was to conclude that Ellis' pursuit of discovery establishes diligence, Ellis would need to demonstrate that her seven months of effort somehow *caused* the late filing of her federal petition. *See Spitsyn*, 345 F.3d at 799. Accordingly, the Court finds that Ellis should not be afforded any equitable tolling for the time she spent conducting discovery.

### c. Counsel's Illness and Personal Difficulties

Ellis seeks 68 days of tolling due to Counsel's illness (Doc. No. 31 at 23; Doc. No. 40 at 39-41), and another 20 days of tolling for the time Counsel spent attending to a family member. (Doc. No. 31 at 23-24; Doc. No. 40 at 43). Although "it is possible that an attorney's incapacity

could result in abandonment," Ellis fails to establish how Counsel's illness and personal problems rendered Counsel incapacitated to the point of abandonment. *Traverso v. Ryan*, No. CV-13-0224-PHX-DLR (JZB), 2015 U.S. Dist. LEXIS 100426, at *13 (D. Ariz. June 16, 2015); *Kershaw v. Evans*, No. CIV S-06-1430 FCD GGH P, 2007 U.S. Dist. LEXIS 60224, at *26 (E.D. Cal. Aug. 16, 2007) (finding that petitioner was entitled to equitable tolling where counsel's health issues precipitated his retirement from the practice of law and petitioner diligently urged his counsel to file his petition); *Robertson v. Simpson*, 624 F. 3d 782, 785 (6th Cir. 2010) (There is "[n]o principled distinction . . . between [attorney] incapacity and negligence for equitable tolling purposes."). Ellis neither suggests nor presents no evidence that Counsel abandoned her. *See Maples*, 132 S. Ct. 912, 922-23 (2012) (finding principle-agent relationship severed when counsel abandoned client without notice). Moreover, Ellis independently does not show any diligence on her part during the time her counsel was ill and dealing with personal problems. Accordingly, Petitioner should not be afforded equitable tolling on this ground.

### d. Counsel's Unfamiliarity with Technology and Court Procedures

Ellis' Counsel states that she was unaware of and/or unfamiliar with the electronic filing of court documents and court procedures and it "very likely would have resulted in the same snafu as her first attempt to file the federal petition." (Doc. No. 31 at 21, 23; Doc. No. 40 at 39-41). "[N]egligence in general do[es] not constitute extraordinary circumstances sufficient to warrant equitable tolling." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001); *Johnson v. Quarterman*, 483 F.3d 278, 287 (5th Cir. 2007) (attorney's computer failure on date petition was due does not warrant equitable tolling); *Ley v. Charles Schwab & Co.*, No. 18-cv-02207-MSK-STV, 2019 U.S. Dist. LEXIS 93230, at *8-9 (D. Colo. June 4, 2019) (technical difficulties, whether the fault of counsel or outside counsel's control, do not warrant equitable tolling). Although Ellis' Counsel's lack of understanding of technology and court filing procedures is unfortunate, her actions do not warrant equitable tolling.

### e. Equitable Tolling for Attorney Misconduct

The prior assigned magistrate judge *sua sponte* raised attorney misconduct as a possible ground for equitable tolling. (*See* Doc. No. 24 at 8-10). Respondent objects to the Court's

interjection of attorney misconduct as a possible ground for equitable tolling. (Doc. No. 37 at 23). The undersigned notes Ellis, who is represented in these proceedings by counsel, did not advance attorney misconduct as a ground for equitable tolling. The Supreme Court, finding the appellate court abused its discretion in reframing and directing briefing on an issue not initially raised, stressed adherence to the "principle of party presentation" requiring federal courts "in both civil and criminal cases, in the first instance and on appeal" to "rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, ___ U.S. ___, 140 S. Ct. 1575, 1579, 206 L. Ed. 2d 866 (2020) (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)). The rule is not "ironclad" and departures for *pro se* litigants in criminal cases may requires leniency "to protect a *pro se* litigant's rights," but "as a general rule" our adversarial system "is designed around the premise that [parties represented by competent counsel] know what is best for them and are responsible for advancing the facts and argument entitling them to relief." *Id.*, (citing *Castro v. United States*, 540 U.S. 375, 386 (2003) (Scalia, J., concurring in part and concurring in judgment)). Suffice it to say, Petitioner's silence on this issue deafens this Court's ear from hearing argument on this ground.

Even if Counsel set forth such a claim, the record falls far short of any actions by Counsel that can be viewed as an abandonment by counsel or the level of unprofessional, unethical, or egregious conduct by counsel required to grant equitable tolling. *Holland*, 560 U.S. at 652-53 ("[A] garden variety claim of excusable neglect" does not warrant equitable tolling." *Id*. at 651-52 (quoting *Irwin v. Dept. of Veteran Affairs,* 498 U.S. 89, 96 (1990). Here, to the contrary, the record reveals Counsel expended considerable time compiling the factual basis to support Petitioner's newly raised defense. At most, it appears Counsel overlooked the ticking of the AEDPA clock while gathering evidentiary support for the second habeas petition. No evidence suggests dishonesty, bad faith, or divided loyalty by Counsel. *Id*. at 649.

Despite statutory tolling, the petition was filed beyond the one-year AEDPA statute of limitations. Further, the undersigned finds no extraordinary circumstances to warrant equitable tolling. Accordingly, the undersigned recommends that Defendant's motion to dismiss be granted

and the petition be dismissed as time-barred with prejudice.

## IV. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. See 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); see also R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is **RECOMMENDED**:

1. Respondent's motion to dismiss (Doc. No. 30) be GRANTED.

2. The petition (Doc. No. 1) be DISMISSED as time-barred with prejudice.

3. Petitioner be denied a certificate of appealability.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    August 30, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE