UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN ANN ELLIS, | No. 1:19-cv-200-NONE-HBK (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY, AND DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE |
| v. | |
| WARDEN OF CENTRAL CALIFORNIA WOMEN'S FACILITY, | |
| Respondent. | |
| | (Doc. No. 46) |

Petitioner Kathryn Ann Ellis is a state prisoner proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 31, 2021, the assigned magistrate judge issued findings and recommendations recommending that the Respondent's motion to dismiss be granted. (Doc. No. 46.) The pending findings and recommendations were served on petitioner at his address of record and contained notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id*. at 14.) After being granted an extension of time, petitioner timely filed objections to the findings and recommendations. (Doc. No. 49.) Incorporated in her objections is a request for the appointment of counsel should this case proceed on appeal to the Ninth Circuit Court of Appeals. (Doc. No.

1  49 at 12.)  Petitioner is advised that her request to this court is improper and that she should
2  request the appointment of counsel from the Ninth Circuit at the appropriate time, should she
3  elect to pursue an appeal.
4      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
5  *de novo* review of the case.  Having carefully reviewed the entire file, including petitioner's
6  objections, the court concludes that the findings and recommendations are supported by the
7  record and by proper analysis.
8      For the sake of clarification, the court notes that abandonment is not required to establish
9  equitable tolling as a result of attorney misconduct.  *Milan v. Harrington*, 953 F.3d 1128, 1133–
10 34 (9th Cir. 2020).  In any event, as the magistrate judge noted in the pending findings and
11 recommendations, the facts here are not so egregious as to constitute abandonment and petitioner
12 has not shown that she was diligently pursuing her rights.  *See Rudin v. Myles*, 781 F.3d 1043,
13 1055 (9th Cir. 2015) (holding that equitable tolling requires that a petitioner "prove that she has
14 been pursuing her rights diligently but that extraordinary circumstances made it impossible for
15 her to file her application on time" and that abandonment by one's counsel may constitute such
16 "extraordinary circumstances").  In this regard, petitioner's case appears to be comparable to one
17 faced by other judges of this court:  *Razavi v. Kernan*, No. 2:18-cv-0030-WBS-AC P, 2018 WL
18 5278797 (E.D. Cal. Oct. 24, 2018), *report and recommendation adopted sub nom. Razavi v.*
19 *Seale*, 2019 WL 11027713 (E.D. Cal. Jan. 3, 2019), *aff'd*, 786 F. App'x 722 (9th Cir. 2019).
20 There, the petitioner's attorney's home office flooded, his wife was hospitalized, and his own
21 health deteriorated.  2018 WL 5278797, at *5.  The magistrate judge in that case concluded that
22 the petitioner was not entitled to equitable tolling of the applicable statute of limitations because
23 the attorney did not abandon the petitioner and the petitioner did "not established that any of [the
24 attorneys' hardships]—singly or in combination—caused the delay."  *Id*. at *5–6.  In affirming,
25 the Ninth Circuit concluded that the attorney's "unfortunate" personal hardships were not
26 extraordinary circumstances and that the petitioner had not affirmatively shown that he was
27 /////
28 /////

exercising sufficient diligence. 786 F. App'x at 723.[1]  Such is the case here as well.

Having determined that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue.  The federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability.  *See* Rules Governing § 2254 Case, Rule 11(a).  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal, rather an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see also* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability).  A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, 28 U.S.C. § 2253(c)(3).  In the present case, the court finds that reasonable jurists would not find the court's determination that the petition is dismissed to be debatable or conclude that the petition should proceed further.  Thus, the court declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on August 31, 2021 (Doc. No. 46), are adopted in full;
2. Respondent's motion to dismiss (Doc. No. 30) is granted;
3. The petition for writ of habeas corpus (Doc. No. 1) is dismissed;
4. The court declines to issue a certificate of appealability; and
5. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to close the case.

IT IS SO ORDERED.

Dated:  **October 11, 2021**           *Dale A. Drozd*
                                        UNITED STATES DISTRICT JUDGE

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

3